WILLIAM G. STRATTON AND SHIRLEY STRATTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4166–65.    Filed June 22, 1970.

*William A. Barnett*, for the petitioners.

*Frank C. Conley*, *Nelson E. Shafer*, and *Aleksandrs V. Laurins*, for the respondent.

SUPPLEMENTAL OPINION

BRUCE, *Judge:* On February 12, 1970, we filed our original opinion in this case, 54 T.C. 255.

On March 18, 1970, respondent, pursuant to Rule 19(f) of this Court's Rules of Practice, filed a motion for special leave to file a motion for reconsideration of opinion lodged on the same date. On March 25, 1970, the motion for special leave was granted and the

---

motion for reconsideration was filed. The latter motion was calendared for hearing at Washington, D.C., on April 29, 1970.

On April 27, 1970, counsel for petitioners filed "Petitioners' objections to respondent's motion for reconsideration of Opinion" and therein requested that respondent's motion be denied or in the alternative that respondent's motion be set for hearing at Chicago, Ill. By order dated April 30, 1970, we denied petitioners' request for hearing in Chicago; directed the parties to file, on or before May 22, 1970, a brief setting forth the authorities on which they rely; and continued the hearing in Washington to May 27, 1970. Briefs were filed by respondent and petitioners on May 22 and May 25, respectively. Counsel for petitioners in his brief requested, pursuant to our Rule 27(a)(2) "that he be excused from attending the hearing and that the subject motion be decided on briefs" to which the respondent also agreed.

The one item objected to by respondent is a "below-the-line" adjustment appearing on page 276 of our original opinion for "Itemized or Standard deduction (less sales tax)" of $2,779.46 for the year 1958.[1] On page 281 we explained this adjustment thus:

> The respondent in his determination made no allowance for the itemized or standard deduction. In our revised net worth statement we subtracted a total for the 8 years of $14,953.02 for such deduction. See sec. 21, I.R.C. 1939; sec. 63, I.R.C. 1954.

Respondent contends that "when allowable deductions are paid, they normally reduce an asset (cash on hand or in bank) so that in a net worth-expenditures computation of income, a 'below-the-line' adjustment is not required to allow such deductions."

Similar below-the-line adjustments have been made in other net worth cases without any discussion of the adjustment. Cf. *William H. Parsons*, 43 T.C. 378, 391 (1964), acq. 1969-2 C.B. XXV; *Lawrence Sunbrock*, 48 T.C. 55 (1967). On the other hand there are cases where no below-the-line adjustment for the itemized or standard deduction has been made. See *Michael Potson*, 22 T.C. 912, 927 fn. 1 (1954), acq. 1955-1 C.B. 6, affirmed sub nom. *Bodoglau* v. *Commissioner*, 230 F. 2d 336 (C.A. 7, 1956).[2] In footnote 1 of *Michael Potson*, we said:

[1] No adjustments are required for deductible expenditures. While it is true that such expenditures reflect additional resources available to the taxpayer during the period which would augment his *gross* income, the fact that they

---

[1] All other years involved in our opinion are barred by the statute of limitations.

[2] Cf. *Charles F. Bennett*, 30 T.C. 114, 121 fn. 3 (1958); 2 Mertens, Law of Federal Income Taxation. sec. 12.12 fn. 52.52; 4 Casey, Federal Tax Practice, sec. 15.24, p. 276 (1955); *United States* v. *Vardine*, 305 F. 2d 60, 63 (C.A. 2, 1962); Balter, Tax Fraud and Evasion 10.52 (3d ed.); and Schmidt, Legal and Accounting Handbook of Federal Tax Fraud 325 fn. 5 (1963).

are deductible would neutralize their effect in determining the taxpayer's *net* income.

After a careful consideration of respondent's contention we agree with respondent. We, therefore, hold that the previously quoted paragraph from page 281 of our original opinion and the adjustment on page 276 for "Itemized or Standard deduction (less sales tax)" should be and they are hereby deleted. This, of course, will automatically affect other figures in the opinion such as, for instance, the table on page 279 under "Our findings" and "Unreported or (over-reported)" but since the statute of limitations has run for all the years except 1958, we need only find and hold that the correct unreported income for 1958 is $31,237.42 instead of $28,457.96 stated in our original opinion, an increase of $2,779.46.

The respondent's motion for reconsideration is granted and decided as above stated. Our original opinion at 54 T.C. 255 is modified accordingly. Except as so modified, our original opinion is confirmed.

*Decision will be entered under Rule 50.*