CHARLES W. HRISSIKOPOULOS AND ALBINA L. HRISSIKOPOULOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hrissikopoulos v. Commissioner
Docket Nos. 10844-77, 10481-78.
United States Tax Court
T.C. Memo 1985-171; 1985 Tax Ct. Memo LEXIS 463; 49 T.C.M. (CCH) 1181; T.C.M. (RIA) 85171; April 4, 1985. Charles W. Hrissikopoulos and Albina L. Hrissikopoulos, pro se. John F. Dean, for respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Hu S. Vandervort pursuant to the provisions of section 7456(c), [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). After review of the record, we agree with and adopt his opinion which is set forth below. OPINION *464 OF THE SPECIAL TRIAL JUDGE
VANDERVORT, Special Trial Judge: In these consolidated cases respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions To Tax For
Fraud
Year
Deficiency
Section 6653(b)
1970
$18,207.51
$9,103.75
1971
177,750.41
88,875.20
1972
101,550.92
50,775.46
1973
70,335.87
35,167.93
1974
34,262.99
17,131.49
1975
17,098.90
8,549.45
The issues for decision are: (1) whether petitioners understated or failed to report taxable income and income tax liabilities during the years in question; and, (2) whether respondent has established by clear and convincing evidence that any underpayment of income tax was due to petitioners' fraud with intent to evade tax under section 6653(b) for the taxable years in question. FINDINGS OF FACT Petitioners, Charles W. and Albina L. Hrissikopoulos (petitioners), were residing in Geneva, Switzerland at the time the petitions beginning these cases were filed. Petitioners' joint Federal income tax returns for the years 1970 through, and including 1975, were filed with the Philadelphia, Pennsylvania service center. Dr. *465 Charles W. Hrissikopoulos (petitioner) was a practicing psychotherapist living in Silver Spring, Maryland during the years in issue. In 1970 he became familiar with the owner and pharmacist of Park Pharmacy (the Pharmacy), Mr. William Fishbein (the Pharmacist). Initially their contact involved petitioner coming to the pharmacy to fill prescriptions for his patients. However, at the end of 1970 petitioner approached the Pharmacist about the possibility of getting invoices drawn up to cover some alleged drug purchases from a pharmacy which had gone out of business in 1970. Petitioner needed the invoices to substantiate alleged drug purchases made during taxable year 1970. The Pharmacist agreed to prepare several invoices for this purpose. In 1971 the Pharmacist was approached to do the same thing. By 1972 the Pharmacist and petitioner were engaged in an elaborate scheme involving the production of false invoices. Once a month petitioner would write checks to the Pharmacy for approximately $1,000.00. The Pharmacist would cash these checks and hold the money in an envelope for petitioner to pick up. Invoices were prepared by either the Pharmacist or petitioners, matching the *466 exact figures in the checks. Any drugs that petitioner actually purchased from the Pharmacy were listed on separate invoices and were paid for in cash by petitioner. This continued through taxable year 1973. In 1974 the Internal Revenue Service began an investigation of petitioners concerning potential civil and criminal liability for tax evasion and the filing of false tax returns for the years 1970 through 1973. Petitioners were indicted on four counts of tax evasion, and four counts of filing false income tax returns in April of 1977. Several weeks prior to their indictment, petitioners fled the country and are now residing in Greece. [2]
*467 OPINION A. Deficiencies
Respondent's determinations of the deficiencies are presumptively correct and petitioners bear the burden of proving them erroneous. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933). Petitioners did not appear at trial, yet did send in a post trial brief. [3] Therefore, after respondent's submission of evidence with respect to the addition to tax under section 6653(b), the Court granted respondent's Motion to Dismiss with respect to all issues upon which petitioners bear the burden of proof. B. Fraud
Section 6653(b) provides that "[i]f any part of any underpayment * * * of tax required to be shown on a return is due to fraud, *468 there shall be added to the tax an amount equal to 50 percent of the underpayment." Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Stratton v. Commissioner,54 T.C. 255, 284 (1970), Supplemental Opinion 54 T.C. 1351 (1970). The existence of fraud is to be determined after consideration of all facts and circumstances in the case. Stratton,supra.Respondent must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court.The elements to be shown are: (1) an underpayment of tax for each year in issue, and, (2) that petitioners intended to evade taxes believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus,supra.Respondent need not prove evil intent, but rather a voluntary *469 or intentional violation of a known legal duty. See Nicholas v. Commissioner,70 T.C. 1057 (1978). The record in this case clearly demonstrates a willful and deliberate pattern of conduct to evade payment of taxes throughout the years 1970 to 1973. Beginning in 1970, petitioner engaged in a scheme resulting in false deductions for the expense of drugs allegedly purchased at the Pharmacy. However, the invoices were not a true reflection of drug purchases at the Pharmacy. Petitioner simply wrote checks, which the Pharmacist cashed, returning the money to petitioner. If petitioner actually made drug purchases at the Pharmacy, they were done on a cash basis. The deliberate creation of false invoices resulting in groundless deductions for petitioners' use in filing their income tax returns has no justificable purpose. We are convinced, through testimony elicited at trial and by the production of the false invoices for our examination, that petitioners' only motivation was to avoid the payment of taxes rightfully due and owing the United States Government. Petitioners were aware of their obligation to report their income and pay their appropriate share of taxes; *470 yet they did not do so. We conclude on the basis of the record before us that respondent has carried the burden of proving by clear and convincing evidence that a part of the underpayment of tax required to be shown on petitioners' tax returns for each of the years 1970 through 1973 was due to fraud. Section 6653(b); Lee v. United States,466 F.2d 11, 16-17 (5th Cir. 1972); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). However, with respect to the years 1974 and 1975 respondent has not upheld the burden of proof with respect to fraud. Decision shall be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. We have found the testimony of Mr. William Fishbein, the pharmacist to be credible.However, the testimony of Mr. Robert Shaffer appeared to be self-serving regarding the transactions that petitioners were allegedly involved in. For that reason we have not given Mr. Robert Shaffer's testimony consideration in rendering this opinion. Respondent also introduced the statements of Attorney John O'Dowd. We have declined to acknowledge this as a statement against interest under 804(b)(3), Federal Rules of Evidence.↩
3. Documents, consisting mainly of allegations of fact, were filed as petitioners' brief on March 7, 1985. Because these documents and petitioners' recitations of alleged facts were not made under oath at the trial, we may not take such evidence into account in making our findings of fact. Rule 143(b); West 80th Street Garage Co., Inc. v. Commissioner,12 B.T.A. 798, 800 (1928); Wisconsin Butter & Cheese Co. v. Commissioner,10 B.T.A. 852, 854↩ (1928).