ELOIS H. WOMACK AND DORIS S. WOMACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Womack v. Commissioner
Docket No. 14202-80.
United States Tax Court
T.C. Memo 1986-546; 1986 Tax Ct. Memo LEXIS 64; 52 T.C.M. (CCH) 1012; T.C.M. (RIA) 86546; November 12, 1986. *64 Held, Ps' consistent failure to report over a three-year period substantial amounts of income derived from an embezzlement scheme involving forgery, document alteration, a fictitious entity and a special bank account constituted sufficient evidence to support fraud within the meaning of section 6653(b), I.R.C. 1954. Marshall R. Bentzman, for the petitioners. James S. Daubney, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in tax and additions to tax for each of the following petitioners for the following taxable years: [1]
Additions to Tax
Petitioner
Year
Deficiency
Sec. 6653(b) [2]
Sec. 6654
Elois Womack
1975
$26,264
$13,132
1976
22,507
11,254
838
1977
1,312
656
Doris Womack
1975
26,352
13,176
1976
25,488
12,744
1977
1,312
656
*65 The parties have stipulated that the amounts of deficiency and additions to tax are correct for each of the years in issue if this Court determines that a portion of the underpayment of tax in each year is due to fraud. Accordingly, the only issue for decision is whether a portion of the underpayment of tax in each of the years 1975, 1976 and 1977 is due to fraud on the part of each of the petitioners. FINDINGS OF FACTS Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated herein by reference. Petitioners resided at South Lake Tahoe, California, at the time they filed their amended petition in this case. Hereinafter petitioner Elois H. Womack will be separately referred to as Elois and petitioner Doris S. Womack will be separately referred to as Doris. Elois and Doris were unmarried individuals *66 in the taxable years 1975 and 1976. They were married on July 10, 1977. For 1975, Elois timely filed an individual income tax return. For 1976, Elois filed no income tax return. For 1975 and 1976, Doris timely filed unmarried, head of household, individual income tax returns. Petitioners filed a joint return for 1977. From July, 1973, until May, 1977, Doris was employed as a loan disbursement officer for Transamerica Mortgage Advisors, Inc. (hereinafter referred to as TMA). Doris had authority to initiate check requests to pay contractors for work on mortgaged properties. During the course of her employment, Doris embezzled from her employer $59,690.83, $57,926.83 and $5,303.49 in the tax years 1975, 1976 and 1977, respectively. Petitioners' embezzlement was discovered in October, 1977, during the course of a regular annual audit by TMA. On March 20, 1979, petitioners pleaded guilty to a five-count charge of felony grand theft for their embezzlement activities. One of the contractors that performed jobs for TMA was Design for Living. In 1975, Elois filed a fictitious name statement with the County of El Dorado, California, in the name of "Design for Living" and opened *67 a checking account in the name of "Design for Living" for which he had sole signatory authority. During the years 1975 through 1977, Doris initiated fictitious check requests from TMA to Design for Living and to other vendors that rendered goods and services to petitioners. During the years in issue, Doris gave Elois a total of $65,143.18 in TMA checks made payable to Design for Living. Elois endorsed and deposited these checks into the account he had opened in the name of that entity. Petitioners used the funds to build a house and to obtain goods and services. Doris attempted to conceal the embezzlement during the years in issue by pulling cancelled checks out of TMA's files, altering business records that documented the embezzlement and forging supervisorial initials on disbursement authorizations. Petitioners did not report any of the embezzled funds as income on their tax returns for the 1975, 1976 or 1977 tax years. In 1979, the Internal Revenue Service began an investigation of petitioners' tax liabilities for the years in issue. A revenue agent attempted to schedule a conference to meet with petitioners, but they failed to answer the agent's correspondence. Later *68 Doris telephoned the agent and said that the funds omitted from the returns were not income because they were borrowed sums of money. OPINION Section 6653(b) provides that if any underpayment of tax required to be shown on a return is due to fraud, there shall be an addition to tax. Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment of tax in each year is due to fraud. Section 7454(a); Rule 142(b); Doncaster v. Commissioner,77 T.C. 334 (1981). To establish fraud, respondent must show that petitioners acted with intent to evade a tax believed to be owing. Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980). Because it is seldom possible to prove fraud by direct proof of intention, the required intent may be shown by circumstantial evidence and reasonable inferences drawn from the facts. Stone v. Commissioner,56 T.C. 213, 222-224 (1971). The evidence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner,54 T.C. 255, 284 (1970), *69 modified on other grounds 54 T.C. 1351 (1970). Upon consideration of the entire record, we conclude that respondent has sustained his burden of proof by clear and convincing evidence for each of the years in issue. Petitioners devised an embezzlement scheme involving forgery, document alteration, a fictitious entity and a special bank account. They jointly engaged in the scheme for three consecutive years producing substantial income that they failed to report on their Federal income tax returns for each of the years in issue. Gains from embezzlement constitute gross income. James v. United States,366 U.S. 213 (1961); section 1.61-14(a), Income Tax Regs.
Although the mere failure to report income, standing alone, may not support a finding of fraud, the consistent failure to report substantial amounts of income over a period of years has been found to constitute evidence of fraudulent intent. Holland v. United States,348 U.S. 121, 139 (1954); Estate of Upshaw v. Commissioner,416 F.2d 737, 741 (7th Cir. 1969), affg. T.C. Memo. 1968-123, cert. denied 397 U.S. 962 (1970). Petitioners' consistent *70 omissions of substantial amounts of income over a three-year period is strong evidence of intent to evade a tax believed to be owing. Doris testified that she did not report the embezzled income because "it just never crossed my mind" and "[i]t didn't dawn on me to report it." Elois testified that he didn't know that he had to report the embezzled income. This testimony lacks credibility. The magnitude of the amounts embezzled and the method of embezzlement preclude the inference that the embezzled income was omitted due to oversight. See Estate of Nitto v. Commissioner,13 T.C. 858, 868 (1949). Doris embezzled from her employer and attempted to conceal her embezzlement by pulling cancelled checks out of TMA files, altering business records and forging supervisorial initials on disbursement authorizations. Elois attempted to conceal the embezzlement by using a fictitious business name, opening and maintaining a bank account under false pretenses and fraudulently endorsing checks payable to another business entity. Petitioners' misrepresentation and concealment of their misappropriations contradict at innocent intent. McGee v. Commissioner,61 T.C. 249, 260 (1973), *71 affd. 519 F.2d 1121 (5th Cir. 1975). Decision will be entered for the respondent.
Footnotes
1. Respondent determined petitioners' deficiencies in tax separately for the 1975 and 1976 tax years and jointly for the 1977 year. ↩
2. Except as otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩