ANDREW S. WOLSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolstein v. Commissioner
Docket No. 9668-83.
United States Tax Court
T.C. Memo 1986-561; 1986 Tax Ct. Memo LEXIS 44; 52 T.C.M. (CCH) 1069; T.C.M. (RIA) 86561; November 24, 1986. *44 P consistently understated substantial amounts of income, maintained numerous savings accounts established under an alias and with false Social Security numbers and failed to produce accurate records for examination by respondent. Held, respondent has met his burden of proving fraud under section 6653(b), I.R.C. 1954. Andrew S. Wolstein, pro se. Elaine T. Fuller, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's income tax and additionals to tax as follows: Addition to Tax
Year
Deficiency
Section 6653(b) [1]
1973
$112,780
$56,390
1974
30,293
15,147
1975
88,519
44,260
1976
103,184
51,592
*45 At the call of this case for trial on January 21, 1986, petitioner failed to appear either in person or by counsel. Respondent moved to dismiss the matter, for lack of prosecution, with respect to the deficiencies in dispute. The Court granted respondent's oral motion, leaving as the sole issue for determination petitioner's liability for the additions to tax under section 6653(b). Petitioner failed to appear at trial in person or by counsel. The Court set March 24, 1986, as the date for filing respondent's brief. No brief has been submitted by or on behalf of petitioner. FINDINGS OF FACT None of the facts in this case have been stipulated. Our findings are based upon the exhibits and the testimony produced at trial. Petitioner was a resident of Beverly Hills, California, at the time he filed the petition in this case. During the years 1973 through 1976, petitioner operated an advertising business as a sole proprietorship named Andy Wall Advertising and maintained *46 a business checking account under the name Andy Wall Advertising. Petitioner's tax returns for the years 1973, 1974, 1975 and 1976 reflected gross receipts of $58,315, $35,545, $92,486 and $322,124, respectively. However, gross receipts of $276,752.75, $99,131.37, $189,075.09 and $330,419.34 were deposited in petitioner's business checking account in the respective years of 1973, 1974, 1975 and 1976. Accordingly, petitioner underreported his business income for the uears in issue by the respective amounts of $218,437.75, $63,586.37, $96,589.09 and $8,295.34. Petitioner did not report any interest income on his 1974 and 1975 tax returns. He reported $2,991 in interest income on his 1976 tax return. During the years 1974 through 1976, petitioner maintained several savings accounts under the alias Anthony Medico. Petitioner received interest income of $7.98, $1,207.27 and $2,430.42 from the Anthony Medico accounts for the years 1974, 1975 and 1976, respectively. In 1975 petitioner maintained a savings account into which $2,000 was deposited. [2] Petitioner failed to report $57.68 in interest income earned from this account in his 1975 return. In 1976 petitioner failed to report *47 interest income of $2,430.42 earned from the two savings accounts maintained in his own name. Accordingly, petitioner failed to report $7.98, $1,264.95 and $22.77 in interest income for each of those respective years. During the years 1974 through 1976, funds from unknown sources were deposited into the Anthony Medico accounts. These deposits, in the respective amounts of $2,775.72, $40,360.54 and $79,047.81, were not reflected on petitioner's 1974, *48 1975 and 1976 income tax returns. Petitioner's 1975 income tax return does not reflect $2,000 deposited into a savings account under his control. [3] In 1976 petitioner deposited $68,488.27 into two savings accounts maintained in his own name. These deposits are not reflected in his 1976 return. Petitioner understated his total gross income for the years 1973 through 1976 by the respective amounts of $218,437.75, [4] $66,370.07, $140,214.58 and $155,854.19. *49 The signature cards for three of the Anthony Medico accounts maintained by petitioner reflect the following information: (1) Beverly Hills Federal Savings and Loan Association Account Name: Anthony Medico Address: P.O. Box 38487, Los Angeles, California 90038 Social Security Number: 068-32-XXXX
Mother's Maiden Name: Burba (2) Southwest Savings and Loan Association
Account Name: Anthony Medico Address: P.O. Box 38487, Los Angeles, California 90038 Social Security Number: 067-28-XXXX
Mother's Maiden Name: Burba (3) U.S. Life Savings and Loan Association Account Name: Anthony Medico Address: P.O. Box 38487, Los Angeles, California 90038 Social Security Number: 068-32-XXXX
Mother's Maiden Name: Burba Petitioner's address as it appeared on his 1974, 1975 and 1976 income tax returns was P.O. Box 38487, Los Angeles, California 90038. His Social Security number is 068-32-XXXX. For each of these three Anthony Medico accounts, petitioner provided his own address and the same information with regard to his mother's maiden name, but provided a Social Security number that varied from his own Social Security number by only a few digits. Petitioner has also *50 failed to submit, for examination by respondent, books and records accounting for his income producing activities for the taxable years 1973 through 1975. Books and records pertaining to petitioner's business for the year 1976 were provided to respondent. The income reported on petitioner's 1976 tax return reconciled with the income stated in the books and records provided for that year but understated petitioner's actual income. OPINION Under section 6653(b), respondent has the burden of proving by clear and convincing evidence that at least part of an underpayment of petitioner's tax for the years in issue was due to petitioner's fraud with intent to evade tax. Section 7454(a); Rule 142(b); Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980). To prove fraud, respondent must show that petitioner acted with specific intent to evade a tax believed to be owing. Marcus v. Commissioner,70 T.C. 562, 577 (1978). Because direct proof of an intent to defraud is seldom possible, respondent may show fraud by circumstantial *51 evidence. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner,54 T.C. 255, 284 (1970), modified on other grounds 54 T.C. 1351 (1970). Upon consideration of the entire record, we conclude that respondent has sustained his burden of proof by clear and convincing evidence for each of the years in issue. Although mere understatement of income standing alone is not sufficient to prove fraud, the consistent and substantial understatement of income is, by itself, strong evidence of fraud. Marcus v. Commissioner,70 T.C. at 577; Harper v. Commissioner,54 T.C. 1121 (1970). Petitioner's consistent and substantial understatement of income in the amounts of $218,437.75, $66,370.07, $140,214.58 and $155,854.19 in this case is strong evidence of fraud. Petitioner's fraudulent intent is also evidenced by his use of the alias Anthony Medico and of false Social Security numbers for the Anthony Medico accounts. The use of false Social Security numbers for interest bearing accounts is *52 a violation of section 6109(a)(2) and impedes respondent's ability to cross check Forms 1099 (regarding the payment of interest) with amounts of interest reported on or omitted from a taxpayer's return. Petitioner's use of false Social Security numbers for the Anthony Medico accounts is strong evidence of petitioner's fraudulent intent to evade tax. Petitioner's failure to produce adequate records can also be interpreted as an indicium of fraud. Nicholas v. Commissioner,70 T.C. 1057, 1066 (1978). Accordingly, respondent has met his burden of proving fraud in this case. Decision will be entered under Rule 155.
Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's exhibits include analyses of deposits into and interest earned from certain savings accounts and checking accounts maintained under the names "Anthony Medico," "Andy Wall Advertising" or "Andrew Wolstein" attributed to petitioner for determining the deficiencies in this case. Among respondent's exhibits is also a summary totaling all of the deposits into and interest earned from each of the savings accounts and checking accounts attributed to petitioner for each of the years in issue. One of the savings accounts listed in the summary accounts for $2,000 deposited in 1975 and interest earned in the amount of $57.68 during the 1975 year. The record is silent as to the name under which this account was maintained.↩
3. This is the same account discussed in note 4, supra.↩
4. The notice of deficiency includes deficiencies in tax and additions to tax attributable to understated income in the amount of $229,438 for the 1973 tax year. Of that amount, $11,000 was deposited into an account labeled "U.C.B." in respondent's exhibit summarizing deposits into and interest earned from savings accounts and checking accounts attributed to petitioner. The record is silent as to the nature of this account. Respondent has conceded that the amount of $11,000 deposited into an account allegedly attributable to petitioner should not be included in determining the deficiencies in tax and additions to tax for the 1973 year. We accept respondent's concession.↩