LORAS L. STEINES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steines v. Commissioner
Docket No. 16938-89
United States Tax Court
T.C. Memo 1992-20; 1992 Tax Ct. Memo LEXIS 25; 63 T.C.M. (CCH) 1771; T.C.M. (RIA) 92020; January 9, 1992, Filed *25 An appropriate order and decision will be entered. Loras L. Steines, pro se. Jonathan P. Decator and Janine M. Poronsky, for respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
6661
1981
$ 7,293
$ 3,647
[1]
--
--  1982
7,342
3,671
[1]
$ 385
$ 1,836
1983
6,315
3,158
[1]
378
1,579
1984
6,099
3,050
[1]
379
1,525
1985
7,086
3,543
[1]
394
1,772
1986
4,297
3,224
[1]
207
-- 1987
8,047
6,035
[1]
--
1,889
For 1981, the additions to tax for fraud are codified under section 6653(b). [1] For 1986 and 1987, the additions to tax for fraud are codified under section 6653(b)(1)(A) and (B). *26 On May 21, 1990, this Court issued an order instructing petitioner to comply with requests by respondent for production of documents and admissions. Petitioner did not comply. At a hearing on June 18, 1990, respondent submitted a motion to dismiss based on petitioner's failure to comply with our May 21, 1990, order. The motion requested dismissal with regard to all issues other than the fraud additions to tax under section 6653(b). The Court granted respondent's motion. [2] See Rules 123(b), 104(c)(3). When this case was called for trial on June 25, 1990, respondent submitted a motion for damages (now a penalty) pursuant to section 6673. The Court took respondent's motion under advisement. In addition, petitioner filed a motion *27 for a Court-appointed counsel and a motion to dismiss respondent's deficiency determination. The Court denied both of petitioner's motions. Consequently, the issues remaining for decision are: (1) Whether respondent has carried his burden of proving that a part of petitioner's underpayment of tax for each of the years 1981 through 1987 was due to fraud and (2) whether petitioner should be required to pay a penalty to the United States pursuant to section 6673. FINDINGS OF FACT Petitioner resided in Moline, Illinois, when he filed his petition in this case. He filed Forms 1040 for the years 1981 through 1987, inclusive, with the Internal Revenue Service at Kansas City, Missouri. With regard to 1986 and 1987, respondent notified petitioner that his Forms 1040 did not constitute valid Federal income tax returns. As a result, for purposes of determining petitioner's correct tax liability for those years, respondent reconstructed petitioner's income based upon records of his employer and petitioner's Illinois income tax returns. Between 1981 and 1987, petitioner was employed as a machinist at John Deere Harvester Works (John Deere) in East Moline, Illinois. He earned the following *28 wages from John Deere: Year
Wages
1981
$ 28,870.54
1982
31,293.71
1983
29,623.38
1984
27,571.62
1985
30,763.31
1986
15,558.16
1987
32,756.16
Petitioner reported these wages on his Forms 1040. Petitioner submitted Forms W-4, Employee's Withholding Allowance Certificates, to John Deere. He instructed John Deere to withhold Federal income tax on his wages based on the following withholding allowances: Year
Number of Withholding Allowances
Claimed by Petitioner 1983
30
1987
15
Petitioner has not provided an explanation for the positions taken on his 1983 and 1987 Forms W-4. He was not entitled to the claimed withholding allowances for those years. On his 1981 through 1985 Federal income tax returns, petitioner attached Schedules C for a purported business called "L & L Enterprize". These forms listed the main business activity of "L & L Enterprize" as "law" and its product as "consulting". They also reported the following annual deductions for "legal and professional expenses": Year
Deduction
1981
$ 150,000
1982
250,000
1983
400,000
1984
600,000
1985
5,000,000
No gross receipts or sales figures accompanied the above legal and professional *29 expenses. Petitioner presented no evidence that "L & L Enterprize" existed during 1981 through 1985. Petitioner also attached Schedules C to his 1983 through 1985 returns for a purported business entitled "A. L. Williams" or "A. L. Williams & Herblife". Its product or service was listed as "marketing". Petitioner reported the following gross receipts on these Schedules C: Year
Gross Receipts
1983
$ 20,000
1984
31,000
1985
1,000,000
He claimed no deductions or other expenses with regard to this enterprise. Attached to petitioner's 1986 Form 1040 are two Schedules C for a purported business entitled "We The People Don't Quit". One Schedule C reported gross receipts of $ 1,111,111,111.11 but no deductions or other expenses. The second Schedule C reported a single deduction for "legal and professional expenses" of $ 11,111,111,111.11 but no gross receipts or sales. Petitioner presented no evidence that "We The People Don't Quit" existed during 1986. Petitioner also attached two Schedules C to his 1987 Form 1040. One is for a purported business entitled "Performance Full Scope", which reported gross receipts of $ 1,111,111,111.00 but no deductions or other expenses. *30 The other Schedule C is for a purported business entitled "All You Can Do Is All You Can Do". This schedule reported a single deduction for "legal and professional expenses" of $ 11,111,111,111.00 but no gross receipts or sales. Petitioner presented no evidence that "Performance Full Scope" and "All You Can Do Is All You Can Do" existed during 1987. Petitioner claims that his records documenting the above deductions and gross receipts were seized when his house was foreclosed by the Veterans' Administration in February 1990 and he was evicted. However, petitioner had ample opportunity to retrieve his personal belongings, including any such supporting documents. He did not do so. Petitioner did not maintain any books, records, or other documents indicating that he incurred any of the above legal fees or that he received the gross receipts claimed on his returns. Petitioner has no records because he neither incurred the expenses claimed nor received the gross receipts reported. The purported businesses "L & L Enterprize", "A. L. Williams" or "A. L. Williams & Herblife", "We The People Don't Quit", "Performance Full Scope", and "All You Can Do Is All You Can Do" did not exist *31 during the years at issue. Petitioner did not pay any Federal income tax from 1981 through 1987 because all the amounts withheld by his employer were refunded to him. Petitioner prepared Federal income tax returns for other individuals during 1986 and 1987. He was a knowledgeable taxpayer during the years at issue. During respondent's investigation of petitioner's tax liabilities herein, petitioner failed to cooperate with respondent's agent. He failed to provide requested information and refused to make available his records of income and expenses. Petitioner's lack of cooperation or compliance continued after he filed his petition with this Court. Despite the numerous opportunities afforded him, he failed to comply with the Rules of this Court requiring stipulation for trial. At no time has petitioner addressed the merits of his case. OPINION Section 6653(b), section 6653(b)(1), and amended section 6653(b)(1)(A) provide that if any part of an underpayment of tax is due to fraud the taxpayer will be subject to an addition to tax equal to 50 percent of the underpayment. Further, section 6653(b)(2) and amended section 6653(b)(1)(B) impose additional amounts based on the *32 portion of the underpayment attributable to fraud. The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Fraud is intentional wrongdoing on the part of the taxpayer with the specific purpose to evade a tax believed to be owing. McGee v. Commissioner, 61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). Respondent has the burden of proof on this issue. Sec. 7454(a); Rule 142(b). In order to carry his burden of proving fraud, respondent must demonstrate, by clear and convincing evidence, an underpayment of tax, some part of which was due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Stone v. Commissioner, 56 T.C. 213, 220 (1971). See also Drieborg v. Commissioner, 225 F.2d 216, 218 (6th Cir. 1955), affg. a Memorandum Opinion of this Court dated Feb. 24, 1954; Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989). *33 This burden is met if respondent shows that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner, 53 T.C. 96 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, respondent must show fraud resulting in underpayment for each taxable year in issue. Otsuki v. Commissioner, supra.It is well established that for the purpose of fraud an understatement of taxes can be accomplished by an overstatement of deductions as well as by an omission of income. Estate of Temple v. Commissioner, 67 T.C. 143, 161 (1976). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. *34 DiLeo v. Commissioner, 96 T.C. 858, 874-875 (1991); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Stratton v. Commissioner, 54 T.C. 255, 284, modified 54 T.C. 1351 (1970). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). However, fraudulent intent can be inferred from strong circumstantial evidence. Spies v. United States, 317 U.S. 492, 499 (1943); Stone v. Commissioner, supra at 224. Courts have relied on a number of indicia of fraud in deciding section 6653(b) cases. These "badges of fraud" include failing to maintain adequate books and records, failing to file returns, concealing assets, failing to cooperate with tax authorities, and offering implausible or inconsistent explanations for behavior. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Further, the filing of false withholding certificates has *35 repeatedly been held by this Court to be evidence of fraud. See Hebrank v. Commissioner, supra at 642; Rowlee v. Commissioner, 80 T.C. 1111, 1125-1126 (1983); Stephenson v. Commissioner, 79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner, 78 T.C. 304, 313-314 (1982). Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive circumstantial evidence. Bradford v. Commissioner, supra at 307. Petitioner does not address the fraud issue other than to state that the Veterans' Administration illegally seized his property in February 1990. Such statement is irrelevant to the question of fraud and thus requires no further discussion. On the basis of the record before us, we hold that respondent has carried his burden of proof on the issue of fraud. He has established both the existence of an underpayment for each of the years at issue and that at least part of each of those underpayments is attributable to fraud. Based on the deemed admissions and the evidence *36 before us, it is clear that petitioner had an underpayment of tax for each of the years at issue. It is also clear that at least part of each underpayment is due to fraud. We are so persuaded in light of several facts. First, petitioner's pattern of claiming false deductions in increasingly larger amounts over the 7-year period at issue is evidence of his intent to evade the payment of tax which he knew was due and owing from him. See Stoltzfus v. United States, supra; Parks v. Commissioner, supra at 660-661. The evidence indicates that the preposterous claimed deductions were false and that petitioner claimed the exorbitant deductions solely to reduce his tax liability to zero. Second, petitioner failed to cooperate with the revenue agent in the determination of his correct tax liability. This is a further indicia of fraud. Rowlee v. Commissioner, supra at 1125; Grosshandler v. Commissioner, 75 T.C. 1, 20 (1980); Gajewski v. Commissioner, supra at 200. Throughout the course of the judicial proceedings in this case, petitioner failed to cooperate and instead *37 engaged in dilatory and obstructive conduct. This lack of cooperation illustrates petitioner's intent to evade taxes known to be owing by conduct intended to mislead. Third, petitioner failed to maintain and submit for examination by respondent complete and adequate books of account and records of his deductions and income-producing activities in spite of the Court's order and its Rules of Practice and Procedure requiring the parties to cooperate informally for discovery and stipulation. See Rules 70(a)(1), 91(a)(1); Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). As stated above, we conclude that such records did not exist. Petitioner's failure to keep books and records was done with the intent to evade taxes known to be owing. Fourth, petitioner submitted false Forms W-4 to his employer with the knowledge that he was not entitled to the claimed withholding allowances. Hebrank v. Commissioner, 81 T.C. at 642; Rowlee v. Commissioner, supra at 1125-1126. His submissions of false Forms W-4 are acts which show his intent to evade the payment of tax. See Gajewski v. Commissioner, supra. *38 Petitioner knowingly filed returns which he knew to be false for the years in issue. We are convinced that petitioner was familiar with relevant tax law and that he knew that the tactics employed were not legitimate tax avoidance but an orchestrated program of tax evasion. In sum, respondent has proven by clear and convincing evidence that petitioner intended to evade tax. Accordingly, we sustain respondent's determinations of additions to tax for fraud. We next address respondent's motion for damages (now a penalty) pursuant to section 6673. Section 6673(a)(1) provides that whenever it appears to the Tax Court that (a) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (b) the taxpayer's position in such proceeding is frivolous or groundless, or (c) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its discretion, may require the taxpayer to pay a penalty to the United States not in excess of $ 25,000. While the Court generally is reluctant to impose a penalty under section 6673 in fraud cases, it does so in cases where petitioner ignores the Rules and orders of the Court, persists in *39 making redundant and frivolous arguments, and fails to prosecute his case by failing to address the merits of the issues. [3] Other petitioners in this Court with genuine controversies have been delayed while we considered this case. Petitioner's frivolous contentions are burdensome, both to this Court and to society as a whole. See Abrams v. Commissioner, 82 T.C. 403 (1984). It is obvious that petitioner filed his petition in this Court primarily for the purpose of delaying the payment of his Federal income taxes. He presented no substantiation for the deductions claimed and no explanation for the Forms W-4 which he submitted. We regard his claims about the unavailability of his records as frivolous and an excuse to delay this case. Petitioner never addressed the merits of his case. He failed to comply with the Court's Rules and orders. Furthermore, throughout these proceedings, petitioner submitted a series *40 of frivolous motions. His primary purpose was not to utilize this Court as a forum to litigate a genuine tax controversy but only to express his dissatisfaction with the Federal income tax system and to delay the payment of his Federal tax obligations. He continually wished to express his grievance with the Veterans' Administration's asserted "illegal" foreclosure of his home and the purported "illegal" seizure of his records. Such arguments deserve no further response from this Court. Petitioner has wasted a great deal of this Court's time and resources. His dilatory and obfuscating tactics to frustrate the functions and responsibilities of respondent and the process of this Court are intolerable. Since we conclude that this case was brought primarily for delay and that petitioner's positions were wholly frivolous, we will require petitioner to pay a penalty to the United States in the amount of $ 15,000. [4]
*41 An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Further, the Court ordered the facts in respondent's request for admissions to be deemed admitted and prohibited petitioner from presenting documents, records, or testimony regarding the alleged businesses listed in the request for production of documents. See Rules 90(e), 104(c).↩
3. See, for example, Boyce v. Commissioner, T.C. Memo. 1990-658↩.
4. We note that petitioner persisted in his obstructionist, obfuscating ways in a year subsequent to those before us in this case and that the Court in that case imposed a penalty upon petitioner under sec. 6673. See Steines v. Commissioner, T.C. Memo. 1991-588↩. Hopefully, petitioner will "see the light" and henceforth comply with his responsibilities as a citizen.