RAYMOND JOSEPH CAPLETTE, Petitioner v, COMMISSIONER OF INTERNAL REVENUE, Respondent
Caplette v. Commissioner
Docket No. 21774-92
United States Tax Court
T.C. Memo 1994-403; 1994 Tax Ct. Memo LEXIS 412; 68 T.C.M. (CCH) 464; 94-2 U.S. Tax Cas. (CCH) P47,965; August 18, 1994, Filed *412 An order and decision for respondent will be entered. Raymond Joseph Caplette, pro se. For respondent: Mary Schewatz and William A. McCarthy. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(f)
6653(b) [1]
6654(a)
6653(a)
6651(a)
1981
$  6,961
$ 3,481
$ 297
$ 348
$ 1,123
1982
5,091
2,546 [2]
493
255
1,268
1983
10,535
5,268 [2]
357
527
1,692
1984
8,410
4,205 [2]
512
421
2,051
1985
7,757
3,879 [2]
445
388
1,939
1986
8,890
6,668 [2]
430
445
2,223
1987
8,988
6,741 [2]
505
449
2,093
1988
6,605
4,954
422
330
1,651
1989
9,286
$ 6,965
628
2,322
1990
6,075
4,556
399
1,519
We granted respondent's *413 motion to dismiss for failure to state a claim with respect to the deficiencies in Federal income taxes for 1981 through 1990 and the respective additions to tax pursuant to section 6654(a). [1] The remaining issues for decision are: (1) Whether petitioner is liable for additions to tax for fraud for 1981 through 1988, and for fraudulent failure to file for 1989 and 1990, or, in the alternative, whether petitioner is liable for additions to tax for negligence for 1981 through 1988, and for failure to timely file Federal income tax returns for all of the years in issue; and (2) whether a penalty should be imposed pursuant to section 6673. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and accompanying exhibits are *414 incorporated herein by this reference. Petitioner was a resident of Reseda, California, at the time he filed his petition. Petitioner worked as a general machinist for McDonnell Douglas during the years in issue. On 13 different occasions, between March 1981, and December 1989, petitioner filed with his employer Forms W-4, "Employee's Withholding Allowance Certificates", falsely claiming that he was exempt from Federal income tax withholding. Petitioner failed to file an individual Federal tax return for each of the years in issue. In March 1986, respondent began an examination of petitioner's returns for 1981 through 1984. When respondent contacted petitioner, petitioner responded with tax protester type arguments. Shortly thereafter, respondent began a criminal investigation of petitioner for 1981 through 1984. On June 17, 1988, petitioner was convicted of four counts of income tax evasion for 1981 through 1984 in violation of section 7201. In July 1991, respondent began working on the civil aspects of petitioner's case. After reviewing petitioner's files, respondent sent a letter to petitioner stating that respondent had no record of petitioner's tax returns for tax years *415 1981 through 1990. Respondent asked petitioner to call and make an appointment to discuss those years. Petitioner did not respond to the appointment letter. On June 29, 1992, respondent issued a notice of deficiency for 1981 through 1990. On September 28, 1992, petitioner filed a petition disputing all of the deficiencies and additions to tax by stating: THE ENTIRE ADJUSTMENT/CHANGES, KIND OF TAX, ANY AMOUNT IS DISAGREED. OUR CHRISTIAN FOREFATHERS SOUGHT A CHRISTIAN GOV'T -- NOT A JEWISH-CAPITALIST-COMMUNIST-MAFIA-S&L MONETARY SYSTEM; I NEVER HAD INCOME TO QUALIFY TO FILE; NO U.S/CA CONSTITUTIONAL REQUIREMENTS; FED. RES. NOTES ARE CONSIDERED BY CONGRESS AS "TOKEN VALUE", NOT MONEY NOR DOLLARS; NO PERMISSION GIVEN BY THE SOVEREIGNTY TO BE TAXED; 16TH AMEND. ILLEGAL; NO STANDING TO TAX.
On November 16, 1992, respondent filed a motion to dismiss for failure to state a claim for relief pursuant to Rule 40. Petitioner filed an objection thereto. Petitioner asked the Court to find that there were no deficiencies or additions to tax due, and requested that we award him $ 300 million in damages. Petitioner alleged that money is not money, that respondent violated his constitutional *416 rights, and that the 16th Amendment to the Constitution was not properly ratified. Petitioner did not, however, address any of the factual allegations made by respondent. We partially granted respondent's motion to dismiss for failure to state a claim for relief. [2] We held that petitioner was liable for deficiencies in Federal income taxes for 1981 through 1990 and for the respective additions to tax pursuant to section 6654(a). Caplette v. Commissioner, T.C. Memo. 1993-46. We did not rule on the fraud issue because respondent had yet to make affirmative allegations in support of her determination of fraud, and petitioner had not yet been given an opportunity to reply. We stated that it would be premature to enter a decision on the section 6673 penalty. However, we cautioned petitioner that "continued persistence in frivolous and groundless protester allegations may very well subject him [petitioner] to a penalty under the provisions of section 6673." Id.
*417 An order was issued, and this case was restored to the general docket. At the subsequent trial, petitioner's testimony consisted of the same type of protester arguments that he had used in his reply to respondent's Answer. OPINION Issue 1. Fraud Additions to Tax
For tax year 1981, section 6653(b) imposes an addition to tax equal to 50 percent of the underpayment if any part of the underpayment is due to fraud. The fraud addition to tax is codified under section 6653(b)(1) and (2) for tax years 1982 through 1985, under section 6653(b)(1)(A) and (B) for tax years 1986 and 1987, and under section 6653(b)(1) for tax year 1988. [3] for tax returns due after December 31, 1989, the fraud penalty does not apply where the taxpayer has not filed a return. Section 6664(b). However, section 6651(f)[4] provides an addition to tax when the failure to file is due to fraud. *418 Fraud is an intentional wrongdoing by a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958). Respondent bears the burden of showing each element of fraud under sections 6653(b) and 6651(f) by clear and convincing evidence. Section 7454(a); Rule 142(b); Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Stratton v. Commissioner, 54 T.C. 255, 284, modified 54 T.C. 1351 (1970). The fraud elements respondent must show are: (1) an underpayment of tax, and (2) that some part of that underpayment is due to fraud. Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Hebrank v. Commissioner, supra.Because respondent *419 has shown that petitioner had taxable income and did not file income tax returns for any of the years in issue, respondent has met the burden of proof with respect to the underpayment of tax. Over the years, courts have developed various factors, or "badges", which tend to establish fraud. Recklitis v. Commissioner, 91 T.C. 874, 91 (1988). These include: (1) A pattern of understatement of income; (2) inadequate books and records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failure to cooperate with tax authorities; and (7) lack of credibility of the taxpayer's testimony. Bradford v. Commissioner, 796 F.2d at 307-308; Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo 1987-265; Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir 1987), affg. T.C. Memo. 1986-223. Further evidence of fraud includes failure to file for consecutive years and filing a false Form W-4. Bradford v. Commissioner, 796 F.2d at 308. *420 Respondent contends that petitioner, by virtue of his criminal conviction, is collaterally estopped from denying the specific intent requirement of section 6653(b) for the tax years 1981 through 1984. We have held that a willful attempt under section 7201 encompasses the specific intent necessary to satisfy section 6653(b). Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). A judgment of conviction under the criminal statute automatically satisfies the specific intent requirement of the civil statute. Id. at 55. Respondent has shown that petitioner was convicted of tax evasion pursuant to section 7201 for tax years 1981 through 1984. Thus, in this proceeding collateral estoppel applies to preclude petitioner from denying that a part of the underpayment for tax years 1981 through 1984 was due to fraud. Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964); C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 893 (1970); Artic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964). *421 Because the criminal sanction encompasses the civil intent requirement, we hold that petitioner is liable for the additions to tax for fraud for tax years 1981 through 1984. The remaining years require an additional factual determination revolving around the badges of fraud. Many of the badges of fraud are present in this case: (1) An understatement of income; (2) a pattern of failure to file personal income tax returns; (3) implausible or inconsistent explanations of behavior; (4) failure to cooperate with tax authorities; and (5) filing false Forms W-4. Respondent has convinced us that petitioner's underpayments for 1985 through 1990 are due to fraud; accordingly, we sustain respondent's determination with regard to the additions to tax for fraud for tax years 1985 through 1988. In this regard, we find that the full amount of the underpayments is attributable to fraud. Further, we hold that petitioner is liable for the increase in penalty for fraudulent failure to file under section 6651(f) for tax years 1989 and 1990. Because we have found petitioner liable for the additions to tax for fraud, we need not address respondent's alternative arguments that petitioner is liable *422 for additions to tax due to negligence or failure to timely file. Issue 2. Section 6673
Respondent filed a motion for a penalty of $ 25,000, pursuant to section 6673. Section 6673(a)(1) provides as follows: (a) Tax Court Proceedings. -- (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Sanctions are properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous. Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987). In the instant case, petitioner knew or should have known that his arguments were frivolous. See id. Petitioner's "Objection" and "Reply to Answer" consist of arguments that have been repeatedly rejected by this Court. Both documents form a fairly unintelligible dissertation on various social and economic conditions *423 in the United States, contending, in part, that money is not money, that respondent is violating petitioner's constitutional rights, and that the 16th Amendment to the Constitution was not properly ratified. Petitioner is a tax protester. He is a frequent litigant in this Court. See Caplette v. Commissioner, T.C. Memo. 1981-80. He has continued with his frivolous claims in this case for almost 2 years. More importantly, in Caplette v. Commissioner, T.C. Memo 1993-46, we warned petitioner that should he continue with his "frivolous and groundless protester allegations", the section 6673 penalty would be imposed. Petitioner was given ample opportunity to present evidence to refute respondent's determination. He failed to do so, choosing instead to present time-worn protester type arguments. Petitioner's course of conduct convinces us that he instituted this case primarily to delay the payment of his taxes. Moreover, the position he took herein is frivolous and groundless. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in *424 the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Other taxpayers with genuine controversies were delayed while we considered this case. Therefore, we require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1) in the amount of $ 10,000. To reflect the foregoing, An order and decision for respondent will be entered.
Footnotes
1. The fraud addition to tax is codified under sec. 6653(b)(1) and (2) for tax years 1982 through 1985, under sec. 6653(b)(1)(A) and (B) for tax years 1986 and 1987, and under sec. 6653(b)(1)↩ for 1988.
2. Plus 50 percent of the interest due on the portion of the underpayment attributable to fraud.↩
1. Caplette v. Commissioner, T.C. Memo. 1993-46↩.
2. We treated respondent's motion to dismiss as a motion for partial judgment on the pleadings.↩
3. For tax years, 1986 through 1988, the fraud addition to tax is 75 percent of the underpayment. See secs. 6653(b)(1)(A) and 6653(b)(1)↩.
4. Sec. 6651(f)↩ states that if failure to file any return is fraudulent, the taxpayer is liable for an addition to tax of 15 percent per month (not exceeding 75 percent in the aggregate) of the amount of tax required to be shown on the return.