BENEDETTO ROMANO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Romano v. Commissioner
Docket Nos. 21599-92, 28871-92, 8303-93.
United States Tax Court
T.C. Memo 1995-429; 1995 Tax Ct. Memo LEXIS 429; 70 T.C.M. (CCH) 603; September 5, 1995, Filed *429 An order and decision will be entered in each case granting respondent's motion for summary judgment and entering decision for respondent. Benedetto Romano, pro se in docket Nos. 21599-92 and 28871-92. [2]
Benedetto Romano and Giuseppa Romano, pro sese in docket No. 8303-93. Catherine R. Chastanet, for respondent. HAMBLEN, Chief Judge HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: These consolidated cases are before the Court on respondent's motion for summary judgment under Rule 121. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. By notice of deficiency dated January 28, 1993, respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes for the 1981 and 1982 taxable years: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661
1981
$ 46,503
$ 23,252
--
--
--
1982
28,879
--
$ 14,440
[1]
$ 6,550
*430 In addition, by separate notices of deficiency dated September 30 and July 1, 1992, respectively, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes for the 1989 and 1990 taxable years: Additions to Tax
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6654(a)
1989
$ 14,059
$ 1,572
$ 367
1990
7,096
525
101
The issues for decision are: (1) Whether petitioners are liable for the tax deficiencies as determined in the notices of deficiency; (2) whether petitioners are liable for additions to tax under section 6653(b) for fraud with intent to evade tax for the 1981 and 1982 taxable years; (3) whether petitioners are liable for an addition to tax under section 6661 for substantially understating their 1982 tax liability; (4) whether petitioner Benedetto Romano is liable for additions to tax under section 6651(a)(1) for failure to file Federal income tax returns for the 1989 and 1990 taxable years; (5) whether petitioner Benedetto Romano is liable for additions to tax under section 6654(a) for failure to make estimated income tax payments with respect to the 1989 and 1990 taxable years; (6) whether respondent *431 is precluded from assessing and collecting any of the determined tax deficiencies and additions to tax for the 1981 and 1982 taxable years due to the expiration of the 3-year limitations period on assessments and collections provided by section 6501(a), or whether one of the statutory exceptions to the 3-year period applies; and (7) whether respondent is precluded from assessing and collecting any of the alleged tax deficiencies and additions to tax by reason of the Fifth Amendment to the U.S. Constitution. Petitioners resided in Malba, New York, at the time the petitions were filed. Background
1981 and 1982 Taxable Years
In their petition in docket No. 8303-93, relating to the 1981 and 1982 taxable years, petitioners challenge all of the tax deficiencies and additions to tax determined by respondent. The petition alleges the following: (1) The adjustments made by respondent to petitioners' income are erroneous; (2) petitioners submitted all records to their accountant and fully relied on him to properly prepare their returns; (3) the deficiency notice is invalid with respect to the years 1981 and 1982 because the 3- year limitations period on assessments under section *432 6501(a) had expired before respondent issued the notice; and (4) the deficiency notice is invalid because the information on which it is based was obtained in violation of petitioners' Fifth Amendment due process rights. [3]
On June 23, 1993, respondent filed an answer specifically denying each of petitioners' material allegations, including petitioners' contention that the expiration of the 3-year limitations period under section 6501(a) precludes respondent from asserting tax deficiencies and additions to tax against petitioners for their 1981 and 1982 taxable years. According to respondent, the statute of limitations under section 6501(a) has no preclusive effect because the statutory exception under section 6501(c)(1) applies. Under that exception, income tax may be assessed, or a proceeding in court for the collection *433 of tax may be begun without assessment, at any time if petitioners filed "a false or fraudulent return with the intent to evade tax". Sec. 6501(c)(1). The answer also set forth specific allegations of fact in support of respondent's position. Petitioners did not respond to the answer, and on August 24, 1993, respondent moved pursuant to Rule 37(c)[4] for entry of an order deeming petitioners to have admitted the undenied allegations contained in respondent's answer. On that same day the Court sent petitioners a written notice informing them of respondent's Rule 37(c) motion and stating that the Court would deny respondent's motion if petitioners filed a reply by September 24, 1993, and that the Court would grant respondent's motion and deem petitioners to have admitted that respondent's allegations in the answer are true if petitioners failed to file a reply by that date. *434 Petitioners did not file a reply to respondent's Rule 37(c) motion as directed by the Court. Accordingly, by an order dated September 28, 1993, we granted respondent's motion and deemed petitioners to have admitted that the affirmative allegations in the answer are true statements for purposes of this case. Petitioners' deemed admissions establish the following facts. During 1981 and 1982, petitioner Benedetto Romano claimed to be a wage laborer, and petitioner Giuseppa Romano claimed to be a housewife. On their tax returns, petitioners reported the following items of income: Source
1981
1982
Wages
$ 8,732
$ 3,725
Interest
[1] 4,717
2,274
Total taxable
items reported
13,449
5,999
*435 Petitioners also received $ 6,251 of unemployment compensation during 1981, which they treated as exempt from taxation. Petitioners engaged in additional income-producing activities during 1981 and 1982, including the rental of real estate in Jackson Heights, New York, and the operation of a pizzeria known as Benny's Pizza (the Pizzeria) in Sunnyside, New York. Petitioners "fraudulently and with intent to evade tax" failed to report the income they received from the rental real estate activity and the Pizzeria on their 1981 and 1982 tax returns. Moreover, petitioners failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of these income-producing activities for each of the taxable years 1981 and 1982, and petitioners "fraudulently and with intent to evade tax made false and misleading statements to respondent's agents during the examination of petitioners' income tax returns for the years 1981 and 1982". Respondent determined petitioners' correct adjusted gross income for the taxable years 1981 and 1982 using the bank deposits method of reconstructing income. Under this analysis, petitioners' gross income from bank deposits for *436 1981 was $ 71,134, and their gross income from bank deposits for 1982 was $ 47,063, calculated as follows: 1981
1982
Total bank deposits
$ 92,733 $ 54,320 Less:
Deposits attributable to
nontaxable sources
(8,150)
(1,258)
Net taxable deposits
84,583 53,062 Less:
Reported income
(13,449)
(5,999)
Unreported ajusted
gross income from
bank deposits
71,134 47,063 Except as indicated in the above calculations, petitioners did not receive any nontaxable or excludable income, receipts, cash or other assets during the 1981 and 1982 taxable years. Moreover, petitioners did not receive any gifts, inheritances, legacies, or devises during those years. In addition to income reflected in the bank deposits, petitioners had the following income in 1981 and 1982: 1981
1982
Interest income reported
$ 4,717
$ 2,274
Cash expenditures for
purchase of home
-- [1] 12,150
W-2 tax withheld
2,544
732
Personal living expenses
16,204
17,825
Gross income from
other sources
23,465
32,981
*437 Accordingly, petitioners "fraudulently and with intent to evade tax" omitted $ 94,599 and $ 80,044 from their 1981 and 1982 gross incomes, respectively, calculated as follows: 1981
1982
Gross income from
bank deposits
$ 71,134 $ 47,063 Gross income from
other sources
23,465 32,981 Gross income
per return
13,449 5,999 Corrected gross income
108,048 86,043 Less:
gross income
per return
(13,449)
(5,999)
Understatement of
gross income
94,599 80,044 As a result of the foregoing omissions, petitioners "fraudulently and with intent to evade tax" understated their tax liability on their 1981 and 1982 income tax returns as follows: 1981
1982
Corrected tax liability
$ 45,500 $ 25,825
Add:
Self employment tax
1,950 2,681
Total corrected liability
47,450 28,506
Less:
Tax shown on return
or as previously adjusted
(947)
[1] + 373
Understatement of tax
attributable to fraud
46,503 28,879
1989 and 1990 Taxable Years
In his petitions in docket Nos. 28871-92 and *438 21599-92, relating to the 1989 and 1990 taxable years, respectively, petitioner Benedetto Romano challenges all of the tax deficiencies and additions to tax determined by respondent. In respondent's answers to these petitions, respondent denies petitioner's material allegations. On March 5, 1993, respondent sent informal information requests to petitioner in docket No. 21599-92, and on August 20, 1993, respondent sent informal information requests to petitioner in docket No. 28871-92. Petitioner failed to reply to each of these informal requests. On September 14, 1993, pursuant to Rule 90, respondent served petitioner with Respondent's First Request for Admissions relating to the 1989 and 1990 taxable years. Petitioner failed to deny or object to any portion of the request within 30 days after service of the request upon him. Accordingly, each matter in Respondent's First Request for Admissions is deemed admitted pursuant to Rule 90(c). [5] Petitioner's deemed admissions establish the following facts with respect to the 1989 taxable year, as stated in paragraphs 1 through 16 of Respondent's First Request for Admissions: 1. Petitioner Benedetto Romano was required to file a federal *439 income tax return for the taxable year ended December 31, 1989. 2. Petitioner Benedetto Romano failed to file a federal income tax return for the year ended December 31, 1989. 3. During 1989, petitioner maintained [a] bank account * * * at the Long Island Savings Bank, FSB. 4. Petitioner earned $ 15 of taxable interest income from [that] bank account * * * during 1989. 5. During 1989, petitioner earned $ 34,047 of taxable wage income from Red Ball Interior Demolition Corp.
6. Petitioner had $ 4,979 of federal income tax withheld and $ 2,556 of FICA tax withheld from his wages from Red Ball Demolition Corp. in 1989. 7. During 1989, petitioner earned $ 24,908 of taxable wage income from Civale Z. Trovato, Inc. 8. Petitioner had $ 2,792 of federal income tax withheld and $ 1,870 of FICA tax withheld from his wages from Civale Z. Trovato, Inc. in 1989. 9. Petitioner is entitled to $ 2,000 in exemptions in computing his 1989 federal income tax liability. 10. Petitioner is entitled to the standard deduction of $ 2,600 in computing his 1989 federal income tax liability. 11. Petitioner had no reasonable cause to fail to file his 1989 federal income tax return. 12. Petitioner willfully *440 neglected to file his 1989 federal income tax return. 13. Petitioner is liable for the addition to tax pursuant to IRC section 6651(a)(1) in the amount of $ 1,572 for 1989. 14. Petitioner was required to make estimated tax payments for 1989. 15. Petitioner failed to make estimated tax payments for 1989. 16. Petitioner is liable for the addition to tax pursuant to IRC section 6654 in the amount of $ 367 for 1989.
*441 Petitioner's deemed admissions establish the following facts with respect to the 1990 taxable year, as stated in paragraphs 17 through 32 of Respondent's First Request for Admissions: 17. Petitioner Benedetto Romano was required to file a federal income tax return for the taxable year ended December 31, 1990. 18. Petitioner Benedetto Romano failed to file a federal income tax return for the year ended December 31, 1990. 19. During 1990, petitioner maintained [a] bank account * * * at the Long Island Savings Bank, FSB. 20. Petitioner earned $ 10 of taxable interest income from [that] bank account * * * during 1990. 21. During 1990, petitioner earned $ 36,332.25 of taxable wage income from Red Ball Interior Demolition Corp.
22. Petitioner had $ 4,998.24 of federal income tax withheld and $ 2,779.41 of FICA tax withheld from his wages from Red Ball Demolition Corp. in 1990. 23. During 1990, petitioner received $ 1,300 of taxable unemployment compensation income from the New York State Department of Labor/Manpower. 24. Petitioner had no federal income tax withheld and no FICA tax withheld from his unemployment compensation in 1990. 25. Petitioner is entitled to $ 2,050 in *442 exemptions in computing his 1990 federal income tax liability. 26. Petitioner is entitled to the standard deduction of $ 2,725 in computing his 1990 federal income tax liability. 27. Petitioner had no reasonable cause to fail to file his 1990 federal income tax return. 28. Petitioner willfully neglected to file his 1990 federal income tax return. 29. Petitioner is liable for the addition to tax pursuant to IRC section 6651(a)(1) in the amount of $ 525 for 1990. 30. Petitioner was required to make estimated tax payments for 1990. 31. Petitioner failed to make estimated tax payments for 1990. 32. Petitioner is liable for the addition to tax pursuant to IRC section 6654 in the amount of $ 101 for 1990.
Discussion
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. O'Neal v. Commissioner, 102 T.C. 666, 674 (1994); Northern Ind. Pub. Serv. Co. & Subs. v. Commissioner, 101 T.C. 294, 295 (1993); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Because the granting of summary judgment decides an issue against a *443 party without a trial, it is granted sparingly, and only after carefully ascertaining that the moving party has met all the requirements for summary judgment. Associated Press v. United States, 326 U.S. 1, 6 (1945); O'Neal v. Commissioner, supra; Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). A motion for summary judgment is granted if "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); O'Neal v. Commissioner, supra. The moving party bears the burden of establishing that this requirement is satisfied. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In determining whether the moving party has established that no genuine issue as to any material fact exists, the opposing party is given the benefit of all reasonable doubt, and all *444 inferences that may be drawn from the underlying facts contained in the record are viewed in a light most favorable to the opposing party. O'Neal v. Commissioner, supra; Sundstrand Corp. v. Commissioner, supra; Espinoza v. Commissioner, supra.However, when a motion for summary judgment is properly made, "an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party." Rule 121(d) (emphasis added). As suggested by Rule 121, summary judgment may be supported by deemed admissions. Doncaster v. Commissioner, 77 T.C. 334, 337 (1981). For the reasons set forth below, we find that there are no genuine issues of material fact remaining for trial, and hold that respondent is entitled to a decision in her favor with respect to each issue in this case as a matter of law. I. Issues Relating to the 1981 and *445 1982 Taxable Years
A. Statute of Limitations
In their petition in docket No. 8303-93, petitioners assert the affirmative defense that the 3-year limitations period under section 6501(a) had expired with respect to their 1981 and 1982 taxable years at the time the deficiency notice was issued. In general, section 6501(a) requires the Commissioner to assess an income tax deficiency within 3 years from the later of: (1) The date the tax return was filed, or (2) the due date of the tax return. If a taxpayer shows that the deficiency notice was mailed more than 3 years after the later of the filing or the due date of the return, the Commissioner bears the burden of proving the existence of an exception to the general limitations period. Stratton v. Commissioner, 54 T.C. 255, 289, modified 54 T.C. 1351 (1970). The section 6501(a) 3-year limitations periods for petitioners' 1981 and 1982 taxable years expired on April 15, 1985 and 1986, respectively, 3 years after the due date of each year's return. In contrast, the notice of deficiency for these years was not mailed until January 28, 1993. Accordingly, the burden is on respondent *446 to show that an exception to the 3-year period applies. Respondent contends that the statutory exception provided by section 6501(c)(1) applies. We agree. Section 6501(c)(1) provides as follows: (1) False Return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.
As discussed in more detail below, petitioners' deemed admissions of fact establish that petitioners filed false or fraudulent income tax returns for the 1981 and 1982 taxable years with the intent to evade tax. Accordingly, we hold that respondent has met her burden of proving that the exception contained in section 6501(c)(1) applies, and respondent is not precluded from assessing and collecting any of petitioners' tax deficiencies and additions to tax for the 1981 and 1982 taxable years. B. Tax Deficiencies
The next issue for decision is whether petitioners are liable for the underlying tax deficiencies for the 1981 and 1982 taxable years in the amounts determined by respondent. Respondent determined the amount of petitioners' unreported income for 1981 and 1982 *447 using the bank deposits method. Under the bank deposits method, it is assumed "that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source or deductible expense of which it has knowledge." Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994). We have long held that the bank deposits method of determining taxable income is reasonable when, as in the present case, taxpayers fail to maintain, or to submit for examination by the Commissioner, complete and adequate books and accounts for their income-producing activities. DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Petitioners' deemed admissions detail the manner in which respondent used the bank deposits method to reconstruct petitioners' income. Respondent first identified the bank accounts maintained by petitioners during the taxable years in issue and calculated the total deposits into each account. She then totaled the bank deposits net of amounts attributable to nontaxable sources and subtracted the *448 income as reported on petitioners' tax return for each year. These computations produced unexplained deposits of $ 71,134 for 1981 and $ 47,063 for 1982. [6] Because petitioners' deemed admissions establish that these unexplained deposits were not attributable to nontaxable sources, such as gifts, inheritances, legacies, or devises, these amounts are assumed to be unreported taxable income under the bank deposits method. Clayton v. Commissioner, supra at 646. In addition to the unreported income reflected in the bank deposits, petitioners' deemed admissions establish that petitioners had other unreported *449 income of $ 23,465 in 1981 and $ 32,981 in 1982. As a result, petitioners failed to report as income a total of $ 94,599 for 1981 and $ 80,044 for 1982. Because no genuine issue of material fact exists regarding this issue, we hold that petitioners are liable for the tax deficiencies for the 1981 and 1982 taxable years in the amounts reflected in the deficiency notice. C. Substantial Understatement
We next decide whether petitioners are liable for the addition to tax under section 6661 for substantially understating their 1982 tax liability. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1). The deemed admissions establish that the understatement for 1982 is substantial under this definition. Although the addition to tax may be reduced to the extent that an understatement is attributable to a taxpayer's reliance on substantial authority for his position or to facts that a taxpayer adequately disclosed on his return, sec. 6661(b)(1)(B), petitioners have alleged *450 no specific facts that would support such relief. In their petition, petitioners allege that they submitted all of their records to their accountant and relied on him to accurately prepare their returns. Petitioners apparently contend that this reliance is sufficient to invoke the waiver provisions of section 6661(c). That section authorizes the Commissioner to waive the addition to tax imposed under section 6661 if the taxpayer shows that (1) "there was reasonable cause for the understatement", and (2) "the taxpayer acted in good faith." Sec. 6661(c). The denial of a waiver under section 6661(c) is reviewable by the Court on an abuse-of-discretion basis. Mailman v. Commissioner, 91 T.C. 1079, 1083 (1988). In determining reasonable cause and good faith under section 6661(c), the most important factor is "the extent of the taxpayer's effort to assess [his] proper tax liability under the law." Cramer v. Commissioner, 101 T.C. 225, 256 (1993); sec. 1.6661-6(b), Income Tax Regs. Petitioners have alleged no specific facts to demonstrate that they made any effort to determine their proper tax liability. To the contrary, the *451 facts that petitioners are deemed to have admitted show that petitioners took affirmative actions to conceal and underreport their proper liability. Accordingly, petitioners are not entitled to relief under section 6661(c). Because no genuine issue of material fact exists, we hold that petitioners are liable for the addition to tax under section 6661 for the 1982 taxable year in the amount reflected in the notice of deficiency. D. Fraud
The final issue for decision with respect to the 1981 and 1982 taxable years is whether petitioners are liable for the additions to tax for fraud as determined by respondent. Congress amended the provision for the fraud addition to tax during the years in issue. The 1981 taxable year is governed by section 6653(b), as in effect prior to its amendment by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 325 (a), 96 Stat. 616, [7] while the 1982 taxable year is governed by section 6653(b)(1) and (2), as amended by TEFRA. [8]
*452 Respondent bears the burden of proving petitioners' fraud for each year by clear and convincing evidence. *453 Sec. 7454(a); Rule 142(b). With respect to the additions to tax under section 6653(b) for the 1981 taxable year and section 6653(b)(1) for the 1982 taxable year, respondent need only prove that some part of each year's underpayment is due to fraud. If this burden is met, the addition to tax is calculated based on the entire underpayment for the year in issue. In contrast, in order to invoke the addition to tax under section 6653(b)(2) for the 1982 taxable year, respondent must establish the specific portion of the underpayment that is attributable to fraud, and the amount of the addition is then calculated based only on that portion of the underpayment. DiLeo v. Commissioner, 96 T.C. at 873. For each year, the Commissioner must prove fraud with affirmative evidence; fraud is never imputed or presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Moreover, the Commissioner may not simply rely on a taxpayer's failure to meet his burden of proving error in the Commissioner's determinations as to the underlying deficiencies. Pigman v. Commissioner, 31 T.C. 356, 370 (1958). However, it is *454 well settled that fraud may be established through facts deemed admitted under Rule 37(c) or Rule 90. Cassidy v. Commissioner, 814 F.2d 477, 481-482 (7th Cir. 1987), affg. T.C. Memo. 1986-133; Doncaster v. Commissioner, 77 T.C. 334, 338 (1981) (observing that "Nothing * * * dictates that we should require respondent to present affirmative evidence of fraud, independent of the deemed admissions." (fn. ref. omitted)). Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Servs. v. Commissioner, 79 T.C. 888, 930 (1982). Because fraud can rarely be established by direct proof of the taxpayer's intention, fraud may be proved by circumstantial evidence. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Over the years, courts have developed a nonexclusive list of factors that demonstrate fraudulent intent. These "badges of fraud" include: (1) Understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) *455 concealing assets, (6) failing to cooperate with tax authorities, (7) attempting to conceal illegal activities, (8) failing to make estimated tax payments, and (9) filing false documents. See Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Petitioners' deemed admissions directly state that petitioners "fraudulently and with intent to evade tax" failed to report the income they received from the rental real estate activity and the Pizzeria in their 1981 and 1982 gross income. The deemed admissions also contain numerous badges of petitioners' fraud. For example, petitioners admit that they failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of these income-producing activities for each of the taxable years 1981 and 1982, and that petitioners "fraudulently and with intent to evade tax made false and misleading statements to respondent's agents during the examination of petitioners' income tax returns for the years 1981 and 1982." Petitioners' *456 admissions provide clear and convincing evidence that at least some part of petitioners' underpayment for the 1981 and 1982 taxable years was due to fraud. Accordingly, respondent has proven that petitioners are liable for the additions to tax under section 6653(b) for the 1981 taxable year and section 6653(b)(1) for the 1982 taxable year, which require respondent to prove only that some part of each year's underpayment was due to petitioners' fraud. We are also convinced that petitioners' admissions are sufficient to meet respondent's augmented burden of proving petitioners' liability under section 6653(b)(2) for the 1982 taxable year, which requires respondent to prove the amount of the underpayment attributable to petitioners' fraud. In her notice of deficiency, respondent determined that $ 26,198 of petitioners' $ 28,879 tax understatement is due to fraud. [9] Petitioners are deemed to have admitted that they "fraudulently and with intent to evade tax" omitted from their 1982 income tax return income in the amount of $ 80,044, and that they "fraudulently and with intent to evade tax, understated their income tax liability" on their 1982 income tax return by $ 28,879. These *457 admissions, as well as the other admissions supporting it, are more than sufficient to support respondent's determination of the amount of the underpayment attributable to fraud. Accordingly, respondent has proven that petitioners are liable for the addition to tax under section 6653(b)(2) for the 1982 taxable year in the amount determined in the notice of deficiency. In light of the foregoing, we hold that there is no genuine issue of material fact with respect to respondent's determinations of the additions to tax imposed for fraud for the 1981 and 1982 taxable years, and we grant respondent's motion for summary judgment on this issue. II. Issues Relating to the 1989 and 1990 Taxable Years
A. Tax Deficiencies
The first issue for decision with respect to petitioner Benedetto Romano's 1989 and 1990 taxable years is whether petitioner is liable for the tax deficiencies in the *458 amounts determined by respondent. Petitioner's deemed admissions establish that petitioner had the following taxable items of income for the 1989 taxable year, none of which was reported on a Federal income tax return: (1) Interest income of $ 15, (2) wage income of $ 34,047 from Red Ball Interior Demolition Corp., and (3) wage income of $ 24,908 from Civale Z. Trovato, Inc. After taking into consideration the $ 2,000 personal exemption and the $ 2,600 standard deduction to which petitioner admits he is entitled, respondent determined a deficiency of $ 14,059 for petitioner's 1989 taxable year. Similarly, petitioner's deemed admissions establish that petitioner had the following taxable items of income for the 1990 taxable year, none of which was reported on a Federal income tax return: (1) Interest income of $ 10, (2) wage income of $ 36,332.25 from Red Ball Interior Demolition Corp., and (3) unemployment compensation income from the New York State Department of Labor/Management of $ 1,300. After taking into consideration the $ 2,050 personal exemption and the $ 2,725 standard deduction to which petitioner admits he is entitled, respondent determined a deficiency of $ 7,096 for *459 petitioner's 1990 taxable year. As a result of these deemed admissions, no genuine issue of material fact exists with respect to petitioner's income tax deficiencies for the 1989 and 1990 taxable years, and we grant respondent's motion for summary judgment on this issue. B. Failure To File
The next issue for decision is whether petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file income tax returns for the 1989 and 1990 taxable years. Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, up to a maximum aggregate of 25 percent of the tax. The addition to tax, however, does not apply if the taxpayer shows that the failure to file "is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Petitioner's deemed admissions establish that petitioner was required to file Federal income tax returns for both the 1989 and 1990 taxable years and that he failed to do so. Moreover, petitioner admits that he had no reasonable *460 cause for his failure to file, and that his failure was due to willful neglect. Accordingly, the additions to tax under section 6651(a)(1) apply with respect to petitioner's 1989 and 1990 taxable years in the amounts determined by respondent. Because no genuine issue of material fact exists, we grant respondent's motion for summary judgment on this issue. C. Failure To Pay Estimated Tax
The next issue we address is whether petitioner is liable for additions to tax under section 6654(a) for failing to make estimated tax payments for the 1989 and 1990 taxable years. If there is an underpayment of estimated tax, the addition to tax is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner has failed to show that he falls within any of the exceptions in section 6654(e). Accordingly, we find that there is no genuine issue of material fact with respect to respondent's determinations under section 6654, and we sustain them as a matter of law. III. Petitioners' Due Process Argument
As a final matter, we address an argument that permeates *461 petitioners' opposition to respondent's motion for summary judgment. As their primary argument against summary judgment, petitioners contend that an alleged violation of petitioner Benedetto Romano's due process right under the Fifth Amendment to the U.S. Constitution requires that we enter a decision for petitioners in all of the consolidated cases. For the reasons set forth below, we find petitioners' argument to be without merit. The facts upon which petitioners' argument is based were set forth in our recent opinion in Romano v. Commissioner, T.C. Memo. 1995-324 (Romano I), which involved petitioner Benedetto Romano's 1983 taxable year. We summarize those facts below solely for purposes of addressing petitioners' argument in the present case. On November 17, 1983, petitioner was stopped by a Canadian customs official while crossing a bridge from Buffalo, New York, into Ontario, Canada. When petitioner opened his car trunk at the request of the Canadian official, the official discovered bags containing several thousand dollars. When the Canadian official learned that petitioner had not declared the money before exporting it from the United States, *462 the official ordered petitioner to return to the United States. After crossing back to the American side of the bridge, petitioner was questioned by a U.S. immigration officer, and petitioner eventually admitted that he had more than $ 300,000 in cash in his trunk. Petitioner, at the official's request, then completed a currency declaration form and a baggage declaration form. Because petitioner had failed to declare the currency before he crossed into Canada, the currency was confiscated and the United States sought a forfeiture of the confiscated money under 31 U.S.C. sec. 5316(a). The District Court for the Western District of New York (the District Court) denied the Government's forfeiture petition, observing that the Government's failure to provide some form of notice of the reporting requirement violated petitioner's due process rights under the Fifth Amendment. United States v. $ 359,500 in U.S. Currency, 645 F. Supp. 638 (W.D.N.Y. 1986), remanded 828 F.2d 930 (2d Cir. 1987). However, the Court of Appeals for the Second Circuit reversed and remanded the District Court's judgment. *463 The Court of Appeals concluded that petitioner's due process rights were not necessarily violated, and it remanded the case to the District Court for a factual determination of whether petitioner's constitutional rights were violated under a corrected standard. United States v. $ 359,500 in U.S. Currency, 828 F.2d 930 (2d Cir. 1987). As of the time of our Romano I decision, the District Court had not yet rendered a decision in the remanded forfeiture action. In Romano I, petitioner raised an argument similar to that raised in the present case. Petitioner argued that the "fruit of the poisonous tree" doctrine of Wong Sun v. United States, 371 U.S. 471, 488 (1963), mandated that we suppress the evidence of the cash found in petitioner's car for purposes of determining his tax liability for the 1983 taxable year. We rejected petitioner's argument in Romano I, observing that the evidence was discovered as a result of petitioner's voluntary disclosure to the Canadian customs official, and that no unlawful Government conduct occurred that would justify the use of the exclusionary rule. The Supreme Court has recognized that *464 "the exclusionary rule imposes a substantial cost on the societal interest in law enforcement by its proscription of what concededly is relevant evidence", United States v. Janis, 428 U.S. 433, 448-449 (1976), and, "As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served", United States v. Calandra, 414 U.S. 338, 348 (1974). Petitioner's invocation of the exclusionary rule in the present case is even less justifiable than it was in Romano I. Petitioner has provided the Court with no explanation of how the discovery of cash in his car in 1983 and the resulting forfeiture action have any connection whatsoever to petitioner's tax liability for the 1981, 1982, 1989, and 1990 taxable years, which are at issue in the present consolidated cases. The only remote connection between that incident and the present cases might be that respondent's involvement with petitioner as a result of the 1983 cash discovery caused respondent to investigate petitioners' other taxable years. [10] Such a tenuous connection falls far short of the *465 taint necessary to justify the application of the exclusionary rule. Moreover, as discussed more thoroughly in Romano I, the Government's discovery of the cash in petitioner's trunk in 1983 involved no unlawful governmental conduct that would justify the invocation of the fruit of the poisonous tree doctrine. Romano v. Commissioner, supra.Accordingly, petitioners' constitutional argument is wholly without merit. Because no genuine issue of material fact exists as to any of the issues in question, and because respondent's determination with respect to each issue is correct as a matter of law, An order and decision will be entered in each case granting respondent's motion for summary judgment and entering decision for respondent.
Footnotes
1. The following cases are consolidated herewith: Benedetto Romano, docket No. 28871-92, and Benedetto and Giuseppa Romano, docket No. 8303-93. All references to petitioner are to Benedetto Romano.↩
2. Murray Appleman, who was counsel of record for petitioners in each of the respective consolidated cases, died following the briefing of the current motion but before issuance of this opinion. There is presently no counsel of record for petitioners.↩
1. Fifty percent of the interest due on the portion of the underpayment attributable to fraud. For the year 1982, respondent determined that $ 26,198 of the deficiency was attributable to fraud.↩
3. By order of this Court dated Oct. 24, 1994, allegations in the petition relating to petitioner Giuseppa Romano's claim of entitlement to innocent spouse relief were stricken from the petition.↩
4. The relevant part of Rule 37(c) provides as follows: (c) Effect of Reply or Failure Thereof: * * * Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted. That motion will be served on the petitioner and may be granted unless the required reply is filed within the time directed by the Court.↩
1. In one paragraph of respondent's answer the amount of interest income reported by petitioners for 1981 is listed as $ 4,717, while in another it is stated to be $ 5,117. Because petitioners' ultimate admission of understated income reflects the $ 4,717 figure, and because that figure is consistent with the calculations contained in the notice of deficiency, petitioners are deemed to have admitted that the amount of interest income reported for 1981 was $ 4,717.↩
1. During 1982, petitioners paid a total of $ 184,824 to purchase their home in Malba, New York. Of that amount, $ 172,674 was paid from petitioners' bank accounts and from the proceeds of a bank loan. The source of the remaining $ 12,150 payment was unaccounted for, and respondent treated it as coming from taxable source.↩
1. The $ 373 addition for the 1982 taxable year reflects the disallowance of an earned income credit claimed by petitioners on their return.↩
5. The relevant part of Rule 90(c) provides as follows: (c) Response to Request: Each matter [contained in a written request for admission] is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefore.* * *↩
6. Although respondent is not required to show a likely source of income determined under the bank deposits method, Clayton v. Commissioner, 102 T.C. 632, 645↩ (1994), she has done so here. As reflected in the deemed admissions, the likely sources of the income were petitioners' rental property and the Pizzeria that petitioners operated during 1981 and 1982.
7. The relevant part of sec. 6653(b), as in effect for the 1981 taxable year, provides as follows: SEC. 6653(b)↩. Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *
8. The relevant parts of sec. 6653(b)(1) and (2), as in effect for the 1982 taxable year, provides as follows: SEC. 6653(b). Fraud.-- (1) In General.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) Additional Amount for Portion Attributable to Fraud.--There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601-- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).↩
9. The $ 2,681 of the underpayment not attributable to fraud apparently represents the amount of petitioners' self-employment tax.↩
10. Although we address this possible connection in an attempt to fully address petitioner's argument, petitioners made no specific allegations of fact supporting this connection.↩